# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                               Plaintiff,<br><br>   v.<br><br>JORGE ALBERTO ORTIZ BORREGO,<br><br>                               Defendant. | Case No. 20-cr-02836-BAS-3<br><br>**ORDER DENYING MOTION TO REDUCE SENTENCE (ECF No. 120)** |

       The U.S. Sentencing Commission adopted amendments to the United States Sentencing Guidelines ("U.S.S.G."), which were submitted to Congress and became effective November 1, 2023. *See* Sentencing Guidelines for the United States Courts, 88 Fed. Reg. 60534 (Sept. 1, 2023); U.S.S.G. Amend. 821. Under Part B, these retroactive amendments added an "Adjustment for Certain Zero-Point Offenders." U.S.S.G. § 4C1.1. This adjustment provides for a two-point decrease in the offense level for defendants who "did not receive any criminal history points" when calculating the defendant's criminal history. *Id.* § 4C1.1(a)(1)–(10).

       Based on these amendments, Defendant Jorge Alberto Ortiz Borrego now files a Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2). (ECF No. 120.) This Court referred the case to the Federal Defenders Office for an evaluation. (ECF No. 121.)

Federal Defenders has now filed a Status Report concluding "the Court can decide the motion on the existing records without further assistance of counsel." (ECF No. 125.)

Defendant's guideline range after he pled guilty to conspiracy to launder monetary instruments was 87–108 months. He was a zero-point offender, so, under the new guideline calculations, an additional two-point departure in base offense level would be appropriate, bringing his guideline range to 70–87 months.

However, at sentencing, the Court departed downward for "expeditious resolution" because Defendant pled guilty early and waived his right to appeal. In addition, the Court then varied downward because of Mr. Ortiz Borrego's physical condition. Ultimately, the Court sentenced Defendant to 51 months in custody. (ECF No. 111.) This 51-month sentence would still be below Defendant's guideline range of 70–87 months even after the guideline amendments are applied.

Under Application Note 3 to U.S.S.G. § 1B1.10, the Court may only reduce a defendant's sentence—because of an amended guideline—to the low end of the amended guideline range. In this case, the low end of the amended guideline range is 70 months. Since the Court sentenced Defendant to a lower sentence of 51 months and the same Section 3553(a) factors apply that warranted this sentence in the first place, Defendant is not entitled to a reduced sentence.

Therefore, Defendant's Motion to Reduce Sentence (ECF No. 120) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: April 19, 2024**

Hon. Cynthia Bashant
United States District Judge